IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU YINGSHITONG TECHNOLOGY LTD., <br><br> Plaintiff, <br> v. <br><br> RUIXIANG NIE, <br> XIN LI, and <br> Z APPS, <br><br> Defendants. | Case No. 23-CV-4066 |

## COMPLAINT

Plaintiff Hangzhou Yingshitong Technology Ltd. ("Plaintiff") hereby files this Complaint against two individuals, namely, Ruixiang Nie and Xin Li, and the developer account Z APPs (collectively, "Defendants"), and alleges based upon information and belief as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, *et seq*., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C.§ 1367. The state law claims are integrally related to the federal claims and arise from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since the Defendants directly target business activities toward consumers in the United States, including Illinois. Defendants' mobile applications are available throughout the United States, and they are available on the Google Play store website. Upon information and belief, consumers within the Northern District of Illinois have

1

downloaded and have made, and are continuing to make, purchases from Defendants' mobile applications. Therefore, Plaintiff's claims of infringement include transactions that happen on a regular basis within the jurisdiction of Illinois.

4. Defendants transacted and conducted, and continue to transact and conduct, business in this judicial district, purposefully availing themselves of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendants maintain ongoing contractual relationships within this district and conduct or solicit business within this district. Defendants directly and/or through intermediaries, offer for sale, sell, and advertise their products that are pertinent to this action within this district.

5. Upon information and belief, Defendants are not residents of the United States. Therefore, for venue purposes under 28 U.S.C. § 1391(c)(3), Defendants may be sued in any judicial district, including the Northern District of Illinois.

6. Defendants have consented to the venue of any Federal District Court, including the venue of the Northern District of Illinois, and agreed to accept service of process from Plaintiff, in accordance with a DMCA Counter-Notice submitted under 17 U.S.C. § 512(g)(3) and 17 U.S.C. § 512(g)(3)(D).

## II. INTRODUCTION

7. Plaintiff is forced to file this action to combat Defendants' infringement of its copyrighted app logo, in-app images, displays, layout, overall content, text, text sequences, and user interface of Plaintiff's Blood Pressure App Pro. Plaintiff has been and continues to be irreparably damaged through infringement of copyrighted work as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

8. Plaintiff Hangzhou YingShiTong Technology Ltd. is a foreign company having its principal place of business in China at No. 317 Wantang Road, Xihu District, Hangzhou, Zhejiang 310000.

9. Plaintiff has been in the business of designing and creating various mobile applications and authorizes the use of those mobile applications by developer accounts, including Hitchhike Tech, on online platforms such as Google Play.

10. Defendants are foreign individuals who, upon information and belief, have a principal place of business in Hong Kong at Room 707, 7/F, North Point City Centre, 250 King's Road, North Point, Hong Kong, 999077.

11. Defendants also provided the following two email addresses: (1) nieruixiang@zhuilai.com.cn for Ruixiang Nie; and, (2) lixin@zhuilai.com.cn for Xin Li.

12. Defendants are mobile application developers and conduct business throughout the United States, including within Illinois and in this judicial district.

13. Defendants advertise, promote, offer to sell or sell various mobile applications on Google Play store, including through their developer account Z APPs.

14. Defendants' two mobile applications, namely, (1) "Blood Pressure Monitor App" and (2) "Health Tracker: AI Doctor" (hereinafter "Defendants' Mobile Apps") are available to download by Illinois residents via Google Play store website.

15. Defendants' Mobile Apps are available worldwide through their developer account, Z APPs, on Google Play store website.

### IV. DEFENDANT'S UNLAWFUL CONDUCT

16. Plaintiff is a designer and creator of various mobile applications and authorizes the use of those mobile applications by developer accounts on online platforms such as Google Play.

17. One of Plaintiff's highly successful mobile applications is titled "Blood Pressure App Pro" (hereinafter "Plaintiff's Mobile App") and is offered on the Google Play Store by developer account Hitchhike Tech.

18. Plaintiff spent significant resources in research and time in developing Plaintiff's Mobile App.

19. Since June 2, 2022, when Plaintiff's Mobile App was launched, Plaintiff has spent significant time, effort, and resources helping Plaintiff's Mobile App mobile application available.

20. In a short period of time, within a year, Plaintiff's Mobile App has amassed over hundreds of millions of downloads, has over sixty-nine thousand (69,700.00) reviews, and still boasts an impressive high star rating.

21. Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted work within Plaintiff's original Blood Pressure App Pro mobile application, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public.

22. As such, Plaintiff owns a Federal Copyright Registration for its Blood Pressure App Pro mobile application, for in-app text and data, under the U.S. Copyright Registration No.: TX 9-214-120.

23. Defendants created their own blood pressure and health tracker mobile application "Blood Pressure Monitor App" that was released on Google Play on or about April 4, 2023, nearly a year after Plaintiff's Mobile App was released.

24. Defendants also created another blood pressure and health tracker mobile applications "Health Tracker: AI Doctor" on or about May 31, 2023, almost a year after Plaintiff's Mobile App was released.

25. Upon information and belief, Defendants' Mobile Apps directly copied the in-app images, displays, layout, text, sequences of text, and user interface of Plaintiff's Mobile App.

26. Alternatively, Defendants' Mobile Apps are strikingly similar, or at the very least substantially similar, to Plaintiff's copyrighted work concerning the in-app images, displays, layout, text, sequences of text, and user interface as to constitute an unauthorized copying, reproduction, distribution, creation of a derivative work, or public display of Plaintiff's copyrighted work.

27. Defendants had access to Plaintiff's Mobile App and intentionally incorporated Plaintiff's copyrighted work in order to benefit from a popular mobile application that provides the same function.

28. Defendants' Mobile Apps were created and launched nearly a year after Plaintiff's Mobile App has already achieved significant success.

29. Defendants' exploitation of Plaintiff's copyrighted work within Plaintiff's Mobile App for Defendants' own "Blood Pressure Monitor App" and "Health Tracker: AI Doctor" mobile applications constitute infringement of Plaintiff's copyrights.

30. Upon information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrighted work. Defendants acted willfully, maliciously, and in conscious disregard and intentional indifference to the rights of Plaintiff.

31. Defendants' Mobile Apps represent a clear attempt to benefit from Plaintiff's hard-earned popularity and goodwill.

32. Plaintiff discovered Defendants' Mobile Apps on or about June 1, 2023.

33. On June 7, 2023, Plaintiff, through its legal representative, sent a DMCA Takedown Notice through Google Play's internal system with the evidence of the copied app logo, overall app content, in-app images, displays, layout, text, text sequences, and user interface against Defendants' "Blood Pressure Monitor App."

34. Google removed Defendants' "Blood Pressure Monitor App and confirmed the same to Plaintiff's legal representative, in a June 16, 2023, email correspondence.

35. Defendants submitted a DMCA Counter-Notice to Google, which was provided to Plaintiff's legal representative on June 20, 2023.

36. On June 8, 2023, Plaintiff sent a DMCA Takedown Notice through Google Play's internal system with the evidence of the copied in-app text, text sequences, overall content and user interface against Defendants' "Health Tracker: AI Doctor."

37. Google removed Defendants' "Health Tracker: AI Doctor" and confirmed the same to Plaintiff in a June 15, 2023, email correspondence.

38. Defendants submitted a DMCA Counter-Notice to Google, which was provided to Plaintiff on June 20, 2023.

39. Defendants' Counter-Notices to Google, despite the side-by-side comparison of the deliberate copying of Plaintiff's Mobile App, leave Plaintiff with no other recourse than to bring the present action again Defendants to protect Plaintiff's valuable intellectual property rights.

## COUNT I
**FEDERAL COPYRIGHT INFRINGEMENT – 17 U.S.C. §§ 106 AND 501, *et seq*.**

40. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs, as if the same was more fully set forth herein.

41. Plaintiff's Mobile App constitutes original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

42. Plaintiff is the owner of all rights, title, and interest in the Mobile App including its app logo, in-app images, displays, layout, text, sequences of text, overall content, and user interface relating to Plaintiff's Mobile App, which has never been assigned, licensed or otherwise transferred to Defendants.

43. Plaintiff is entitled to protection of its copyrighted works through the Berne Convention for the Protection of Literary and Artistic Works, in which the United States is a signatory, along with many other countries in which Plaintiff's Mobile App was released.

44. Plaintiff's Mobile App, including the copyrighted work therein, is published on the internet and made globally available to numerous countries worldwide, including to Defendants. As such, Defendants had access to Plaintiff's Mobile App.

45. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivate works incorporating Plaintiff's Mobile App, including its app logo, in-app images, displays, layout, overall content, text, sequences of text, and user interface relating to Plaintiff's Mobile App.

46. Defendants' Mobile Apps are virtually identical to, or at the very least substantially similar to the look and feel of the app logo, in-app images, overall content, displays, layouts, text, text sequences, and user interfaces so as to infringe on Plaintiff's copyrighted work. Such conduct infringes and continues to infringe Plaintiff's copyrighted work in the Mobile App in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)-(3), (5).

47. Defendants reap the benefits of the unauthorized copying and distribution of Plaintiff's copyrighted work in Plaintiff's Mobile App, including its app logo, in-app images, displays, layout, overall content, text, text sequences, and user interface relating to Plaintiff's Mobile App, in the form of revenue and other profits that are driven by the sale of Defendants'

substantially similar or nearly identical "Blood Pressure Monitor App" and "Health Tracker: AI Doctor."

48. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating unauthorized "Blood Pressure Monitor App" and "Health Tracker: AI Doctor" that capture the total concept and feel of Plaintiff's Mobile App.

49. Upon information and belief, Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights.

50. Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

51. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of its copyrighted work in Plaintiff's Mobile App.

52. As a direct and proximate result of its wrongful conduct, Plaintiff has suffered and will continue to suffer actual damages in addition to Defendants profiting and continuing to profit from its wrongful conduct. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

53. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT II

## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

54. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs, as if the same was more fully set forth herein.

55. As detailed throughout this Complaint, Defendants have infringed Plaintiff's copyrighted work by using identical, or at the very least substantially similar, app logo, in-app images, displays, layouts, overall app content, text, text sequences, and user interface as Plaintiff's Mobile App.

56. Defendants' infringement of Plaintiff's copyrights is solely for Defendants' own benefit and profit as Defendants attempt to use Plaintiff's hard-earned reputation and goodwill to boost Defendants' own, later created and released "Blood Pressure Monitor App" and "Health Tracker: AI Doctor" mobile applications.

57. Defendants' acts and conduct constitute "deceptive trade practice" within the meaning of Illinois Uniform Deceptive Trade Practices Act. §510 *et seq*. Defendants' acts and conduct are wrongful, knowing, willing, and malicious, and constitute unfair competition under Illinois law.

58. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will continue to suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT III
## UNJUST ENRICHMENT

59. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs, as if the same was more fully set forth herein.

60. As a result of Defendants' actions as stated herein, Defendants have been unjustly enriched and, at the same time, are causing a loss of revenue to Plaintiff to Plaintiff's detriment.

61. Defendants have accepted and retained the benefit of the unjust enrichment from its wrongful conduct.

62. There is no express, written contract between Plaintiff and Defendants that would allow Defendants to retain the benefit of the unjust enrichment from its wrongful conduct as described herein.

63. Plaintiff is entitled to recover from the Defendants their unjust enrichment including gains, profits, and advantages obtained as a result of its wrongful conduct. Plaintiff is, at present, unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of its wrongful conduct.

64. By reason of the foregoing, Plaintiff seeks damages based on Defendants' unjust enrichment in the amount to be proven at rial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. For judgment in favor of Plaintiff and against Defendants on all claims;
2. That pursuant to 17 U.S.C. § 502, Defendants, its affiliates, officers, agents, servants, employees, employers, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with Defendants be temporarily, preliminarily, and permanently enjoined and restrained from providing, reproducing or creating derivative works of Defendants' "Blood Pressure Monitor App" and "Health Tracker: AI Doctor" mobile applications;

3. That pursuant to 17 U.S.C. § 504, Plaintiff recover actual damages and Defendants' profits, such sums to be proven at trial;

4. That Defendants be ordered to pay all of Plaintiff's attorney fees and costs associated with this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1117(a);

5. That pursuant to Illinois Uniform Deceptive Trade Practices Act.§510 *et seq.*, Plaintiff be awarded damages in an amount to be proven at trial;

6. Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in any additional, yet currently unknown, amount to be determined at trial;

7. Awarding pre- and post- judgment interest; and,

8. Awarding any and all other relief that this Court deems just and proper.

Dated: June 26, 2023

Respectfully submitted,

/s/ Margaret C. Redshaw
Margaret C. Redshaw (ARDC #6327480)
Jacob D. Radecki (ARDC #6321345)
MCDONALD HOPKINS LLC
300 N. LaSalle Street, Suite 1400
Chicago, IL 60654
(312) 208-0111
jradecki@mcdonaldhopkins.com
mredshaw@mcdonaldhopkins.com

Mandy Song (*pro hac vice application forthcoming*)
Gulnaz Donahue (*pro hac vice application forthcoming*)
BAYES PLLC
8260 Greensboro Drive, Suite 625
McLean, VA 22102
(703) 995-9887
mandy.song@bayes.law
gulnaz.donahue@bayes.law

**JURY DEMAND**

Plaintiff hereby requests a jury in this matter on all issues so triable.

Dated: June 26, 2023

Respectfully submitted,

/s/ Margaret C. Redshaw
Margaret C. Redshaw (ARDC #6327480)
Jacob D. Radecki (ARDC #6321345)
MCDONALD HOPKINS LLC
300 N. LaSalle Street, Suite 1400
Chicago, IL 60654
(312) 208-0111
jradecki@mcdonaldhopkins.com
mredshaw@mcdonaldhopkins.com

Mandy Song (*pro hac vice application forthcoming*)
Gulnaz Donahue (*pro hac vice application forthcoming*)
BAYES PLLC
8260 Greensboro Drive, Suite 625
McLean, VA 22102
(703) 995-9887
mandy.song@bayes.law
gulnaz.donahue@bayes.law